IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED JONES, et al., | 1:06-CV-00665-OWW-WMW-P |
| Plaintiffs, | ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK OF COURT TO OPEN TWO NEW ACTIONS FOR PLAINTIFFS COOPER AND CRANE |
| vs. | |
| JOHN BURK, et al., | |
| Defendants. | ORDER DIRECTING CLERK TO SEND COPIES AND FORMS TO PLAINTIFFS COOPER AND CRANE |

I.      Severance of Plaintiffs' Claims

Plaintiffs Fred Jones, Anthony Cooper, and Brandon Crane are prisoners proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, all three plaintiffs are in the custody of the Merced County Sheriff. In this court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, the need for the

plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all three plaintiffs will lead to delay and confusion.

Accordingly, the court shall order plaintiffs' claims severed. Plaintiff Jones will proceed in this action, while plaintiffs Cooper and Crane will proceed in separate civil actions to be opened by the Clerk of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of plaintiffs Cooper and Crane will be severed, each plaintiff shall be given thirty days to file an amended complaint in his own action, using the form provided by the court with this order.

II.     <u>Plaintiffs' Applications to Proceed In Forma Pauperis</u>

Each of the three plaintiffs has filed an application to proceed in forma pauperis correctly filled out and signed by a prison official. However, none of the three plaintiffs has filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.

III.    <u>Plaintiffs' Consent-to-Magistrate Forms</u>

Each of the three plaintiffs has filed a form consenting to jurisdiction of the Magistrate judge.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff Jones shall proceed as the sole plaintiff in case number 1:06-CV-00665-OWW-WMW-P;
2.  The claims of plaintiffs Cooper and Crane are severed from the claims of plaintiff Jones;
3.  The Clerk of the Court is directed to:
    a.  Open two separate civil actions for plaintiffs Cooper and Crane;
    b.  Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c.  File and docket a copy of this order in the new actions opened for plaintiffs

        Cooper and Crane;

   d. Place a copy of the complaint filed on May 31, 2006, in the instant action into the new actions opened for plaintiffs Cooper and Crane;

   e. Place copies of the applications to proceed in forma pauperis filed by plaintiffs Cooper and Crane into their respective new actions;

   f. Place copies of the consent forms filed by plaintiffs Cooper and Crane into their respective new actions;

   g. Send plaintiffs Cooper and Crane each an endorsed copy of the complaint, filed May 31, 2006, bearing the case number assigned to his own individual action; and

   h. Send plaintiffs Cooper and Crane each an amended civil rights complaint form;.

4. Within **thirty (30) days** from the date of service of this order, plaintiffs Cooper and Crane shall each file an amended complaint bearing his new case number <u>and</u> each either pay the $350.00 filing fee in full for his new action or submit a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint;

5. Within **thirty (30) days** from the date of service of this order, plaintiff Jones shall either pay the $350.00 filing fee in full for this action or submit a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint; and

6. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:  July 24, 2006**       /s/  William M. Wunderlich
j14hj0              UNITED STATES MAGISTRATE JUDGE